Affidavit of Howell Miller
In Support of Writ of Habeas Corpus

State of Massachusetts     )
                           )    ss:
Worcester County           )

I Howell Miller being of the age of the Majority and being sound in mind and body, am competent to make this Affidavit and do swear before God Almighty and Affirm under penalty of perjury that the following is true and correct from my personal knowledge and personal experience, and where I quote or reference another; I believe that quote or reference to be correct and true, thus duly sworn; depose, and says:

Notice: This Affidavit is made in good faith and not for injury to anyone or their commercial intrest.

(1) "Enacted on December 21, 2018, the First Step Act (FSA; hereinafter "The Act") was the result of a bipartisan legislative affort to moderately overhaul the criminal justice system...Congress aimed to enhance public safety by improving the effectiveness and efficiency of the federal prison system with offender risk and needs assessment, individual risk reduction. HR Rep.No 115-699 at 22 (2018)." See United States V. Simmons, 375 F.Supp.3d 379 (2nd Circuit, 2019). The Act authorized:

1.1

"§3632(a). Not later then 210 days after the date of enactment of enactment of this Subchapter [july 19, 2019], the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the department of Justice website, a Risk and Needs Assessment System, which shall be used to--§3632(a)(1) Determine the recidivism risk of each prisoner as having a minimum, low, medium, or high risk of recidivism."

1.2
On 03/07/2012 Petitioner was arrested by the D.E.A. and brought in federal custody. Mr. Miller has been credited by the U.S.D.C. with <u>804 days</u> of jail credits.

1.3
On 12/30/2019 Federal Bireau of Prisons ("FBOP") via FMC DEVENS Case Manager P.Surowaniec, conducted the initial Risk and Needs Assessment Tool Targeting Estimated Risk and Need (PATTERN) tool, and I was determined to have a "LOW" risk of recidivism. Therefore, I am in full compliance of the above subchapter.

(2) Next, Case Manager P.Surowaniec completed The Act's determination and assignment of Evidence-Based Recidivism Reduction Programming of the Risk and Needs Assessment System.

2.1 "§3632. [D]etermine the type and amount of Evidence-Based Recidivism Reduction Programming that is appropriate for each prisoner, and assign each prisoner to such programming accordingly."

2.2   On multiple occasiions, including the 10/08/2020 & 3/20/2021   unit Team Meetings, Case Manager P.Surowaniec determined and assigned Evidence Based Recidivism Reduction Programming and Productive Activities for me to participate in; and currnetly attending classes;

Release Preparation Program(RPP), Non-Residential Drug Treatment Program, And Basic Cognitive Skills.
A copy of the records given to me at the conclustion of the unit team meetings is attached as Exhibit 1.

(3) Case Manager P.Surowaniec informed me on 4/18/2020 that his assignment met §3635(3) requirements of The Act.

3.1  "§3635(3). The term Evidence-Based Recidivism Reduction Program means either a group or individual activity that---
(A) has been shown by empirical evidence to reduce recidivism or is based on research indicating that its likely to be effective in reducing recidivism;
(B) is designed to help prisoners succeed in their communities upon release from prison; and
(C) may include----
   (iv) academic classes
   (vii) substance abuse treatment
   (viii) vocational training
   (ix)  faith-based classes or services
   (xi)  a prison job, including through a prison work program"

3.2  Per Case Manage P.Surowaniec assignment, I have successfully participated and continue to participate in Evidence-Based Recidivism Reduction Programming as follows --
1. Health and Wellness Throughout the Lifespan (3 hrs.)
2. Microsoft Word 12:30-2:30 M-F Rpp6/Growth    (110 hrs.)
3. Microsoft Excel 12:30 - 2:30 M-F Rpp 6/Grouth (110 hrs.)
4. Microsoft Power Point 12:30 - 2:30 M-F Rpp/Grouth (110 Hrs.)
5. Priciples of Constrction 7:30 --------------------(120 Hrs.)
6. Employment RPP 2/ Remsume--------------------------(5 Hrs.)
7. Home Construction Skills ------------------------(16 Hrs.)
8. Home Construction Skills ------------------------(16 Hrs.)
9. FMC Devens Health Fair --------------------------(2 Hrs.)
10. Blood Pressure --------------------------------(1 Hr)
11. Money Smart RPP 3 / Finance -------------------(10Hrs.)
12. Weight Loss RPP 1/ Health ----------------------(1 Hr.)
13. Healthy Steps Older Adult --- ------------------(3 Hrs.)
14. National Diabetes ----------------------- -- --- ---(16 Hrs.)

3.3
A copy of the official Federal Bureau of Prisons Evidence-Based Recidivism Reduction Program and Productive Activities publication, along with the "Inmate Education Data Transcript," and Individualized needs plan which reflects my programming participation, is attached as Exhibit 2.

(4) The Act provides at:

4.1 "§3632(d)(4)(A). A prisoner who successfully completes Evidence Based Recidivism Reduction Programming or Productive Activities, shall earn time credits as follows:
(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in Evidence-Based Recidivism Reduction Programming or Prductive Activities
(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk of recidivating, who, over 2 consecutive assessmets, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in Evidence-Based Recidivism Reduction Programming or Productive Activities."

4.2 Case Manager P.Surowaniec completed the second consecutive Risk and Needs Assessment Pattern score on 3/23/2021 and again determined that I am a "LOW" risk of recidivism under First Step Act eligibility; which triggers a grant of an "additional 5 days of time credits for every 30 days of successful participation in Evidence-Based Recidivism Reduction Programming or Productive Activities" under The Act, vesting me with a total of 15 days credits for every 30 days of programming.

Copy of said status is attached hereto as Exhibit 3.

4 3. I have been successfully participating in The Act's authorized Evidence-Based Recidivism Reduction Programming and Productive Activities since The day of the Act(12/21/2018), and Continuing this conduct, on 4/25/2021, I will have programmed for 335 days and, pursuant to The Act's grant of earn dimunition credits that reduce my time in captivity by programming, I will have earned 168 days of The Act's time credits,

4.4 Here are the actual calculations as follow according to FSA, Working "A Prison Job §3635(3)(c)(xi) As a Hospital Orderly I have accumulated Appox. 2147 of working hours, and 16 correctional services hours totaling= 2,163 Working Hours

Now based off of Vocational training, Substance Abuse Treament, Academic Classes & Faith-Based Classes or Services §3635(3)(C)(iv),(vii),(viii),&(ix) Those Hours totaling 523

2163
+523
2,686 hours divied by 8 hr day = 335 days (11.16 months)
11.16 months x 15 (days) = 167 days which is Approximately 5 months off of my Home Detention Eligibility Date of January 08, 2022 which will put me at August 2021.
Please see Exhibit[s] 3 & 4 ;
Inmate Transactions History Report, Male Pattern Risk Scoring, Sentence Monitoring Computation Data.

(5)
Under The Act, application of time credits must go towards release from prison captivity, to wit: to Prerelease Custody or Supervised Release; namely:

5.1 "§3632(d)(4)(C). Time credits earned under this paragraph by prisoners who successfully participate in Evidence-Based Recidicism Reduction Programming or Productive Activities <u>shall</u> be applied towards time in Prerelease Custody or Supervised Release."

5.2 Accordingly, by The Act, my vested earned time credits from continuing Evidence-Based Recidivism Reduction Programming and Productive Activities through 4/25/2021 will have vested me <u>167</u> days of earned time credits equal to 5 months off my incarceration, and release me to either Prerelease Custody on Home Confinement or in a Residential Reentry Center or directly to Supervised Release is thereby mandatory. But once again, the FBOP through FMC Devens Case Manager P.Surowaniec, I am told The Act has no force in the state of Massachusetts, except as FMC Devens deems it in the institution's interest.

5.3 And further, The Act requires:
"Sec. 102 §3621(g)(3). If the Sentencing Court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of Supervised Release after imprisonment...The Director of the Bureau of Prisons may transfer the prisoner to begin any such term of Supervised Release at an earlier date...based on the application of time credits under Section 3632."

5.4 My sentence included a 10 year term of Supervised Release and under application of The Act, makes transfer to Supervise Release the highest application of earned time credits. This application is my due process protected liberty interest in rights granted by the federal law evidenced by the Act.

5.5 "§3632(d)(6). In addition, the incentives described in this Subsection shall be in addition to any other rewards or incentives for which a prisoner may be eligible."

5.6 Case Manager P.Surowaniec informed me the Second Chance Act of 2007's Prerelease Custody provision is incorporated in The Act, and pursuant to that grant, Case Manager P.Surowaniec did in fact assign me 151 to 180 days Reentry Center placement"; with The Act requiring the maximum amount of time, to wit: 180 days, to be allotted to me. See §3624(c)(2). See also a copy of Home Confinement Placement attached hereto as - Exhibit 2 page 3 of 5 of RCC/HC Placement

(6) The Act establishes the unambiguos time table for FBOP actions:

6.1 Section 102 of The Act states:
Implementation of System and Reccommeddations by the Bureau of Prisons.
"§3631(h)(1). Not later then 180 days after the Attorney General completes and releases the Risk and Needs Assessment System [January 15,2020]. The Director of the Bureau of Prisons shall...
(B) begin to expand the effective Evidence-Based Recidivism Reduction Programming ot Productive Activities it offers..necessary to effectively implement the System.

6.2  The Act made clear that the JAnuary 15, 2020, date is when the "System" must be implemented. Nevertheles, the FBOP through FMC Devens Case Manager P.Surowaniec as repeatedly refused to apply and enforce application of my right to my earned time credits. The effective date of The Act was even earlier then January 15,2020, date namely: July 19, 2019.  And this fact is clear and unambiguous in The Act: "Sec. 102 §3631(b)(2). The Amendment made by this Subsection shall take effect beginning on the date that the Attorney General completes and releases the Risk and Needs Assessment System [July 19,2019] under Subchapter D of Chapter 229 of Title 18, United States Code, as added by Section 101(a) of this Act."

6.3 To further support the aforementioned date of January 15, 2020, as the manatory implementation date for the earned time credits, a memo dated January 15, 2020, purporting to be from the "Office of Public Affairs," states:

https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act

"Today is another milestone in implementing the First Step Act," said Attorney General William p. Barr. "Beginning today, inmates will have even greater incentive to participate in Evidence-Based Programs that prepare them for productive lives after incarceration. This is what Congress intented with this bipartisan bill." "As of January 15, 2020, inmates will be assigned to particiapate in Evidence-Based Recidivism Reduction Programs and Productive Activities based on an initial needs assessment conducted by the BOP. Participation and completion of those assigned programs and activities can lead to placement in Prerelease Custody or a 12 month sentence reduction under the First Step Act."..."In the interim,  inmates will continue to be assigned to programs and activities based on their risk and needs and if eligible, will receive credit upon  completion."

6.4 My eligibility was established and confirmed by Case Manager P. Surowaniec, assessment determination, "FSA Eligible."
--See Exhibit 2-Inmate Profile--

(7). WHEREFORE, as my qualification for and participation in FROP programming and educational activities particularly designated and assigned me to obtain diminution credits by Case Manager P. Surowaniec himself, as well as public records via case law [2] verifying such diminution credits are being awarded and calculated under the Frist Step Act resulting in actual early release from incarcerattion of federal inmates; named Immediate Custodian's herein refusal to calculate my credits, will unlawfully restrains me of my personal federal civil right of liberty under the 14th & 5th Amendments due process and equal protection guarantee of the Federal Constitution for my 8/08/2021 date.

Date: 4/30/2021

Howell Miller

## NOTARY

SUBSCRIBED AND SWORN BEFORE ME this 30 day of April____, 2021 In Worcester County, State of Massachusetts.

RAISED SEAL

Rebecca Peterson
Notary Public, Commonwealth of Massachusetts
My Commission Expires April 19, 2024

NOTARY
In and For State of:

Massachusetts

My Commission expires:

4·19·2024

[2] Goodman V. Ortiz(Warden)
United States District Court of New Jersey
Civil Number 20-7582 (RMB)
Filed: August 25, 2020
Decided : August 25, 2020