UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOWELL MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case 1:21-cv-10967-KAR |
| | ) |
| AMY BONCHER, Warden, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 9)

ROBERTSON, U.S.M.J.

I.   INTRODUCTION

Petitioner Howell Miller ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to release him on the basis of "Earned Time Credits" for "Evidence-Based Recidivism Reduction ['EBRR'] Programs and Productive Activities" that Petitioner claims entitle him to release under the First Step Act ("FSA"), 18 U.S.C. §§ 3631-3635) (Dkt. No. 1; Dkt. No. 1-1).  Respondent has filed a motion to dismiss the petition, or, in the alternative, a motion for summary judgment, arguing that Miller filed his petition prematurely, has not been denied due process, and has not earned any FSA time credits (Dkt. No. 9).[1]  The court declines to convert Respondent's motion to a motion for summary judgment and GRANTS the motion to dismiss without prejudice.

---

[1] In Respondent's motion to dismiss, she also claimed that Petitioner had not exhausted his administrative remedies.  Respondent concedes that Petitioner has essentially done so by now inasmuch as the Office of the General Counsel has denied him relief (Dkt. No. 17-1 at 3; Dkt. No. 21 at 1 n.1).  This decision reflects completion of the final step in administrative review of a

II.     RELEVANT BACKGROUND

Petitioner was convicted of attempting or conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, 851, and sentenced to a term of 144 months followed by a ten-year term of supervised release (Dkt. No. 1 at 1; Dkt. No. 1-3 at 5; Dkt. No. 10-1 at 8). Petitioner's projected release date is in July or August 2022 assuming application of good conduct time (Dkt. No. 1-5 at 3, 4; Dkt. No. 10-1 at 7, 8).

FSA assessments on December 30, 2019, May 13, 2020, October 6, 2020, March 23, 2021, and April 28, 2021, determined that Petitioner had a low risk of recidivism (Dkt. No. 1-1 ¶¶ 1.3, 4.2; Dkt. No. 1-3 at 10; Dkt. No. 1-4 at 1; Dkt. No. 10-1 at 15). He is, therefore, potentially eligible to earn FSA time credits (Dkt. No. 1-3 at 3; Dkt. No. 10-1 at 15). Petitioner claims that, since December 21, 2018 he has "successfully participated and continues to participate in" EBRR Programs and Productive Activities (Dkt. No. 1-1 ¶¶ 3.2, 4.3). Consequently, Petitioner contends, he is entitled to 167 days of earned time credits, which made him eligible for home detention or a residential reentry center or supervised release in August 2021 (Dkt. No. 1-1 ¶¶ 4.4, 5.2; Dkt. No. 1-3 at 7). Respondent denied Petitioner's request for relief, and the BOP affirmed the denial.

III.    ANALYSIS

---

prisoner grievance. Requiring Petitioner to re-file on the basis that the Office of the General Counsel had not responded when Petitioner filed his petition with this court would be futile, particularly where the General Counsel has since denied Petitioner relief, and is not required. *See, e.g., Depoister v. Birkholz,* Civ. No. 21-684 (ECT/BRT), 2021 WL 3493692, at *1 n.2 (D. Minn. July 8, 2021), *rec. dec. adopted,* File No. 21-cv-684 (ECT/BRT), 2021 WL 3492295 (D. Minn. Aug. 9, 2021), *appeal docketed,* No. 21-2992 (8th Cir. Sept. 3, 2021) (where the General Counsel's response to the inmate's appeal was received after the petitioner's habeas petition was filed, the court assumed that exhaustion requirements were met); *Whitaker v. Cox,* 4:21-CV-04010-RAL, 2021 WL 1788587, at *3-4 (D.S.D. May 4, 2021) (denying motion to dismiss for failing to exhaust administrative remedies where the petitioner was waiting for General Counsel's decision).

  A.  <u>Petitioner's Claim is Premature</u>

  The parties dispute whether Petitioner has earned FSA time credit that would, at this time, entitle him to release from incarceration to serve the term of supervised release that was imposed when he was sentenced (Dkt. No. 1-1; Dkt. No. 10 at 14-15).  Because, at this stage, Petitioner's claim for relief is premature, or not yet ripe, the court will not address or resolve this dispute (Dkt. No. 10 at 15-19).

  "Ripeness and standing doctrines in the federal courts are designed to ensure justiciability – to satisfy the constitutional and prudential requirements that derive from the mandate of Article III of the Constitution that federal courts decide only 'cases or controversies.'" *Daggett v. Devine*, 973 F. Supp. 203, 204 (D. Me. 1997) (quoting U.S. Const. art. III, § 2, cl. 1).  *See Reddy v. Foster,* 845 F.3d 493, 499 (1st Cir. 2017).  "One strand of Article III's justiciability requirement is ripeness." *Courthouse News Serv. v. Glessner,* Docket No. 1:21-cv-00040-NT, 2021 WL 3024286, at *5 (D. Me. July 16, 2021), *appeals docketed,* 21-1624 (1st Cir. Aug. 16, 2021), 21-1642 (1st Cir. Aug. 18, 2021) (citing *Reddy*, 845 F.3d at 499).  "Whereas standing asks 'who' may bring a claim, ripeness concerns 'when' a claim may be brought." *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 32 (1st Cir. 2007).  The "ripeness doctrine seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Reddy*, 845 F.3d at 500 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

> [I]t is fair to say that [the] basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 (1977).

There are two prongs to the ripeness test:  "[1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." *Id.* at 149.  The fitness inquiry contains "'both jurisdictional and prudential components.'" *Reddy*, 845 F.3d at 501 (quoting *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89 (1st Cir. 2013)).  "The jurisdictional component of the fitness prong concerns 'whether there is a sufficiently live case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts.'"  *Id.* (quoting *Roman Catholic Bishop*, 724 F.3d at 89).  *See Mangual v. Rotger-Sabat,* 317 F.3d 54, 59 (1st Cir. 2003) ("The constitutional inquiry, grounded in the prohibition against advisory opinions, is one of timing.").  The prudential component of the fitness prong concerns "whether resolution of the dispute should be postponed in the name of 'judicial restraint from unnecessary decision of constitutional issues,' *Reg'l Rail Reorganization* [*Act Cases*], 419 U.S. [102,] 138 [(1974)]; if elements of the case are uncertain, delay may see the dissipation of the legal dispute without need for decision." *Mangual*, 317 F.3d at 59.  In contrast, the hardship prong of the ripeness analysis is "'wholly prudential.'"  *Roman Catholic Bishop*, 724 F.3d at 90 (quoting *Mangual,* 317 F.3d at 59).  "'Generally, a "mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship."'"  *Id.* (quoting *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 9 (1st Cir. 2012)).  "Both the fitness and hardship prongs ordinarily must be satisfied for a claim to be ripe." *Courthouse News Serv.,* 2021 WL 3024286, at *6 (citing *Roman Catholic Bishop,* 724 F.3d at 89).

Petitioner has not shown that this dispute is ripe.  Because the BOP is not required to act on FSA earned time credits until January 15, 2022, *see* 18 U.S.C. 3621(h)(2)(A), even if

Petitioner has completed programs entitling him to FSA credit, the court does not know whether the BOP will deny Petitioner FSA relief on or around January 15, 2022. *See Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 538 (1st Cir. 1995); *Smallwood v. Thompson,* No. 2:21-CV-0641-JAM-DMC-P, 2021 WL 5112663, at *3 (E.D. Cal. Nov. 3, 2021). Consequently, until the phase-in period expires and the BOP acts or fails to act on Petitioner's request to apply accrued time credits, his claim for credit is not ripe for adjudication.[2] *Cohen v. United States,* 20-CV-10833 (JGK), 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021) ("the statute does not require the BOP to begin awarding [earned time credits] during the phase-in period").

The court acknowledges that, in *Goodman v. Ortiz*, Civ. No. 20-7582 (RMB), 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020), the court held that the BOP was not entitled to delay honoring FSA credits earned by inmates to January 15, 2022. However, "[t]he majority of courts that have addressed the issue arrive at a contrary conclusion." *Holt v. Warden*, 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (collecting cases). The *Goodman* case is not controlling, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'") (citation omitted), and the court does not find it persuasive. As other courts have noted, the portion of the FSA that addresses the application of time credits after December 21, 2018 uses discretionary language. Under § 3621(h)(4), on the date of enactment, the BOP "may" offer the incentives and rewards described

---

[2] Standing requires a plaintiff to demonstrate "the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Even if Petitioner has accrued FSA credits, he cannot demonstrate an injury in fact because the BOP is not required to apply those credits until January 15, 2022. *See Smallwood,* 2021 WL 5112663, at *3 (petitioner's claim is nonjusticiable for lack of standing because the phase-in period does not expire until January 2022 and, therefore, the claim is premature).

in § 3632(d), including earned time credits, to prisoners who successfully participate in EBRR programs and Productive Activities. 18 U.S.C. § 3621(h)(4). The statute's use of the discretionary "may," as opposed to the mandatory "shall," indicates Congress's intent to permit the BOP to delay awarding time credits until the phase-in is complete on January 15, 2022. *See Norman v. Carr,* Civil Action No. 4:21-CV-586-P, 2021 WL 5086561, at *2 (N.D. Tex. Nov. 2, 2021) ("The statute's use of 'may' makes the BOP's decision to offer prisoners incentives and awards (including awarding time credits) before January 15, 2022, purely discretionary. Nothing stated in the statutes mandates the BOP to award earned time credits prior to January 15, 2022."); *Cohen*, 2021 WL 1549917, at *3 ("While it is true that the statute requires a phase-in, . . . the statute requires various activities during the phase-in period, but pointedly does not require the BOP to [begin] to assign [time credits] during the phase-in period."); *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021) ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4).").

   B. <u>Petitioner Has Not Been Denied Due Process</u>

  Relying on 18 U.S.C. §§ 3624(g)(3) and 3632(d)(4)(C), Petitioner contends that the BOP's failure to apply his accrued FSA time credits and transfer him to supervised release has interfered with a liberty interest that is protected by the Due Process Clause (Dkt. No. 1-1 ¶¶ 5.1, 5.4). The court disagrees. Although "[a] protected liberty interest may arise from the Due Process Clause or from a state or federal law," *Fox v. Lappin*, 409 F. Supp. 2d 79, 87 (D. Mass. 2006) (citing *Fristoe v. Thompson,* 144 F.3d 627, 630 (10th Cir. 1998)), "[t]he 'failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Smallwood,* 2021 WL 5112663, at * 3 (quoting *Mejia Rodriguez v. Reno,* 178 F.3d 1139, 1146

(11th Cir. 1999)).  Where the court has ruled that the BOP has discretion to delay phasing in relief based on FSA credits to January 15, 2022, Plaintiff cannot, at this time, show that the BOP has deprived him of a release from custody to which he is entitled.  *See id.*

IV.  CONCLUSION

For the above-stated reasons, Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Dkt. No. 9) is GRANTED and Petitioner's § 2241 petition (Dkt. No. 1) is dismissed without prejudice.  The Clerk's Office is directed to close the case on the court's docket.

It is so ordered.

Dated:  December 13, 2021                                              /s/ Katherine A. Robertson
                                                                                              KATHERINE A. ROBERTSON
                                                                                              U.S. MAGISTRATE JUDGE